IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHON SOM,

        Plaintiff,

    v.

JPMORGAN CHASE BANK, N.A. as
successor by merger to
Washington Mutual Bank aka
JPMorgan Chase Bank, N.A., as
an acquirer of certain assets
and liabilities of Washington
Mutual Bank from the FDIC
acting as receiver and BANK OF
AMERICA, NATIONAL ASSOCIATION
as successor by merger to
Lasall N.A. as trustee for
Washington Mutual Pass-Through
Mortgage Certificates WMALT-
Series 2007-04 Trust,

        Defendants.

_____/

Case No. 2:09-CV-02405-JAM-DAD

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

    This matter comes before the Court on Defendants JPMorgan

Chase Bank, N.A. ("JPMorgan") and Bank of America, National

Association's ("BofA" and collectively "Defendants'") Motion to

Dismiss Plaintiff Khon Som's ("Plaintiff's") First Amended

Complaint ("FAC") for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6). Defendant JP Morgan,

erroneously sued as "JP Morgan, successor by merger of

Washington Mutual Bank," is the acquirer of certain assets and

liabilities of Washington Mutual Bank. Plaintiff opposes the

motion to dismiss.[1]

I.   FACTUAL AND PROCEDURAL BACKGROUND

In March 2007, Plaintiff entered into two consumer credit

loan transactions with Washington Mutual Bank. The first loan

was for $458,400.00, referred to as a "first deed of trust" in

the FAC, and the second loan was for $114,600.00, the "second

deed of trust." Both deeds of trust were secured by Plaintiff's

property at 2002 Bright Star Place, Stockton, California.

Plaintiff claims there were various problems with the loan

transactions, including that he did not receive two copies of

the "Notice of Right to Cancel" for either loan from Washington

Mutual Bank. Plaintiff defaulted on his loan in April 2009.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). Additionally, the Court sanctions Plaintiff's attorney $100 and Defendants' attorney $100 for failure to follow the Court's order regarding page limits for opposition and reply briefs (See Doc. 5, Ex.2). These sanctions must be paid to the Clerk of the Court, within ten days.

On April 18, 2009, Plaintiff notified Washington Mutual Bank that he was making a Qualified Written Request ("QWR"). In the QWR, Plaintiff "pointed out the deficient notices of right to cancel under the Truth in Lending Act . . .," and stated he was rescinding his loan. Plaintiff "believes that JPMorgan is a servicing agent . . ." and BofA recorded title to Plaintiff's obligations on July 20, 2009, making BofA the true owner of the obligations at the time of Plaintiff's April 18, 2009, QWR. On July 20, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded with the San Joaquin County Recorder's Office.

Plaintiff's FAC alleges violations of the Truth In Lending Act ("TILA") 15 U.S.C. §1601 et seq., Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §2601 et seq., Fair Debt Collection Practices Act ("FDCPA"), California Business and Professions Code § 17200, et seq., Breach of Implied Covenant of Good Faith and Fair Dealing, Wrongful Foreclosure, and Slander of Credit and Title.

II.   OPINION

A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint

as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2002). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. Accordingly, a court should grant leave to amend the Complaint unless the futility of amendment warrants dismissing a claim with prejudice.

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There are two exceptions to this rule: when material is attached to the complaint or relied on by the complaint, or when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. Sherman v. Stryker Corporation, 2009 WL 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (internal citations omitted). Defendants request the Court take judicial notice of five exhibits. Plaintiff does not challenge the authenticity of these exhibits, all of which were referenced in Plaintiff's FAC or are matters of public record. Accordingly, the Court takes judicial notice as requested by Defendants. The Court will also consider the six exhibits attached to Plaintiff's FAC.

B.   Federal Causes of Action

   1. Violations of TILA

   Plaintiff seeks damages and rescission from Defendants for violations of TILA.

      a. Claim for Damages

      Plaintiff alleges that he is only asserting a damage claim based on Defendants' failure to respond to his rescission request, not for any TILA violations that may have occurred at the origination of the loans.

"If a creditor refuses to cancel a loan following a timely demand for rescission, the borrower has one year from the refusal to file suit for damages pursuant to 15 USC 1640." <u>Sam v. American Home Mortgage Servicing</u>, 2010 WL 761228, at *3 (E.D. Cal. March 3, 2010). Thus, Plaintiff's claim for damages based on Defendants' failure to respond to the rescission demand is within the statute of limitations.

However, as Plaintiff acknowledges, JPMorgan is only a servicer of the loan, and civil liability under TILA applies to creditors. TILA allows civil liability to attach to creditors and assignees of creditors. <u>See</u> 15 U.S.C. §§ 1640(a), 1641(a). Under § 1641(f)(1), loan servicers "shall not be treated as an assignee of [a consumer] obligation for purposes of [TILA] unless the servicer is or was the owner of the obligation." <u>See also</u> <u>Marks v. Ocwen Loan Servicing</u>, 2008 WL 344210, at *2 (N.D. Cal. Feb. 6, 2008) ("Although TILA provides that assignees of a loan may be liable for TILA violations, loan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point . . . .").

Plaintiff argues that although JPMorgan is a loan servicer, JPMorgan is liable under the common law theory of agency, because they have failed to identify their principal. Plaintiff "has provided no authority that extends the common law doctrine of agency to the servicer of a loan under a TILA claim." <u>Fullmer</u>

v. JPMorgan Chase Bank, N.A., 2010 WL 95206, at *4 (E.D. Cal. Jan. 6, 2010). However, Plaintiff maintains that JPMorgan is still liable as a servicer for damages based on its failure to provide Plaintiff with the name and contact information for the owner of the obligation. Plaintiff cites Public Law 111-22, but as Defendants argue, fails to set forth any facts to show that that Public Law 111-22 applies to this action or to Defendants. Plaintiff has already amended his complaint once and has again failed to sufficiently plead this cause of action.

As to the damage claim against BofA, Plaintiff requests monetary damages and injunctive relief for BofA's failure to rescind the loan. However, as explained below, the rescission requests fails, therefore the claim for damages based on failure to rescind also fails. Plaintiff's claim for damages against Defendants is dismissed with prejudice.

b. Claim for Rescission

Plaintiff brings a claim for rescission under TILA, alleging that as a result of Defendant BofA's failure to provide the required disclosures, Plaintiff has a continuing right to rescind the loan under TILA. Plaintiff alleges that he sent the rescission letter to Washington Mutual on April 19, 2009, and that JPMorgan is authorized to receive notices on behalf of BofA under State agency laws and pursuant to TILA. However, Plaintiff fails to plead facts supporting this theory, instead arguing

that because Defendant JPMorgan concealed the true identity of the note holder, Plaintiff should be allowed to rescind the loan. Defendants argue that Plaintiff's claim for rescission should be dismissed because, among other reasons, Plaintiff does not sufficiently allege his ability to tender the full amount of the loan.

The Ninth Circuit has held that rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." <u>Keen v. American Home Mortgage Servicing Inc., et al.</u>, 2009 WL 3380454, at *4 (E.D.Cal. Oct.21, 2009) (quoting <u>Yamamoto v. Bank of N.Y.</u>, 329 F.3d 1167, 1170 (9th Cir.2003)). Additionally, the Ninth Circuit has explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds, and "there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted ... the court does not lack discretion to do before trial what it could do after." <u>Garza v. American Home Mortgage</u>, 2009 WL 188604, at *4 (E.D. Cal. Jan. 27, 2009) (quoting <u>Yamamoto</u>, 329 F.3d at 1173).

The court in <u>Keen</u> noted that a number of California district courts have required plaintiffs to plead facts

demonstrating ability to tender the loan principal in order to withstand a 12(b)(6) motion to dismiss and proceed with a claim for rescission under TILA. 2009 WL 3380454, at *4-5 (citing Garza, 2009 WL 188604; Serrano v. Sec. Nat'l Mortg Co., 2009 U.S. Dist. LEXIS 71725 (S.D. Cal. Aug. 14, 2009); Pesayco v. World Sav Inc., 2009 U.S. Dist. LEXIS 73299 (C.D. Cal. July 29, 2009).

     The FAC contains an allegation that Plaintiff is willing and able to tender, but this allegation is conditioned on receiving a refinance. Plaintiff additionally alleges that, "Plaintiffs (sic) was prepared to tender from a refinance, assistance from family members and from funds from savings once the amount of tender was known but JPMorgan and BofA did not do the things they were required to do under TILA." FAC, P. 12. Plaintiff alleges that JPMorgan and BofA's reporting of the loan delinquency to credit bureaus is harming Plaintiff's ability to tender because part of his ability to tender will require a refinance. Plaintiff also argues that JPMorgan and Bofa's failure to act on the rescission request in a declining market causes further harm to Plaintiff and his ability to tender. Plaintiff has now been in default for one year, and has stated that the fair market value of the property is now only worth $240,000. FAC, Exhibit B.  Even taken in the light most favorable to Plaintiff, these allegations do not lead the Court

to infer that Plaintiff will be able to tender if granted rescission. See Ash v. Onewest Bank, 2010 WL 375744, at *5 (E.D. Cal. Jan. 26, 2010) (finding that a plaintiff does not sufficiently allege ability to tender where plaintiff in default conditions tender on receiving a refinance and evidence shows that value of the house had declined, plaintiff owes a significant sum of money, and is in poor financial condition.)

Plaintiff also raises a new allegation in the Opposition, without any citation to authority, that Defendant cannot require tender pursuant to rescission under TILA because of the doctrine of unclean hands. However, "The focus of any Rule 12(b)(6) dismissal. . . is the complaint. This precludes the consideration of new allegations that may be raised in plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6)." Cordell v. Tilton, 515 F. Supp. 2d 1114, 1128 (S.D. Cal. 2007)(internal citations omitted). Accordingly, despite Plaintiff's attempt to amend the complaint, Plaintiff still cannot sufficiently plead a claim for rescission under TILA, thus the claim is dismissed with prejudice.

2. <u>RESPA Violation</u>

Plaintiff claims that Defendants violated RESPA by failing to respond to Plaintiff's QWR. FAC ¶¶ 83-97. Plaintiff alleges that the QWR was addressed to Washington Mutual Bank and pointed

out the deficient notice of right to cancel under the Truth in

Lending Act and that Plaintiff was rescinding his loans pursuant

to the Truth in Lending Act. Additionally, Plaintiff makes the

conflicting allegation that JPMorgan did respond to the QWR, by

"only sending copies of documents in response to the QWR."

As Defendants point out in their Motion to Dismiss,

Plaintiff's allegations do not rise above the level of

recitations of legal conclusions. See Def.'s Mo. to Dismiss, at

8-9; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). While

detailed factual allegations are not necessary, a Plaintiff must

provide enough facts for this Court to determine Plaintiff's

claim is "plausible on its face," and the Plaintiff has not done

so in this case. See Twombly, 550 U.S. at 570. Plaintiff has

already amended his complaint once, and still fails to properly

plead a cause of action for a RESPA violation. Accordingly,

Plaintiff's claim for a violation of RESPA is dismissed with

prejudice.


C.   State Law Claims

     1.   Violation of the Rosenthal Fair Debt Collection Practices
          Act, California Civil Code § 1788, et seq.

          Plaintiff claims that Defendant JPMorgan called him,

attempting to collect money outstanding on Plaintiff's loan in

violation of the FDCPA. FAC ¶¶ 98-111. It is unclear from

Plaintiff's complaint whether this cause of action is asserted against both Defendants, or just JPMorgan. In construing the facts in the light most favorable to the Plaintiff, this Court will assume Plaintiff intended to name JPMorgan and BofA. Defendants move to dismiss this claim as Plaintiff has not properly plead facts sufficient to invoke the FDCPA.

The purpose of the FDCPA is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts."  Cal. Civ. Code § 1788.1(b). However, foreclosing on a deed of trust does not implicate the FDCPA. <u>See</u>, <u>e.g.</u>, <u>Benham v. Aurora Loan Servs.</u>, 2009 U.S. Dist. LEXIS 78384, at *6 (N.D. Cal. Sept. 1, 2009) (dismissing plaintiff's complaint "because foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the [FDCPA]").

Plaintiff has failed to provide support demonstrating that the FDCPA applies to the Defendants in this case, as it is impossible to support a claim under the FDCPA based on foreclosure of a residential mortgage. <u>See Fuentes v. Duetsche Bank</u>, 2009 WL 1971610 (S.D. Cal. July 8, 2009) (granting defendant's motion for judgment on the pleadings "[s]ince a residential mortgage is not a debt and a home foreclosure is not debt collection within the meaning of the statute"); <u>Gamboa v. </u>

_Trustee Corps_, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009) ("[T]he law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the [FDCPA]."). Accordingly, Plaintiff's claim under the FDCPA is dismissed with prejudice.

2. <u>Violation of California's Unfair Competition Law, Business & Professions Code § 17200, et seq.</u>

Plaintiff alleges Defendants' violations of TILA and RESPA constitute violations of California Business & Professions Code § 17200, FAC ¶ 117-20, and Defendants' "clear financial dominance in the marketplace is highly detrimental to California consumers," as Defendant deprives consumers of their rights, and Defendants' failure to respond to many customers' QWRs constitutes a violation of UCL, <u>Id.</u> at ¶ 118.

UCL proscribes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." <u>People ex rel. Gallegos v. Pacific Lumber Co.</u>, 158 Cal. App. 4th 950, 959 (2008) (internal citations omitted). Section 17200 "'borrows' violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." <u>Farmers Ins. Exch. V. Superior court</u>, 2 Cal. 4th 377, 383 (1992). Indeed, "[v]iolation of almost any federal, state, or local law may serve as the basis

for a[n] [unfair competition] claim." <u>Plascencia v. Lending 1st</u>
<u>Mortg.</u>, 583 F. Supp. 2d 1090, 1098 (9th Cir. 2008) (citing
<u>Saunders v. Superior Court</u>, 27 Cal. App. 4th 832, 838-39
(1994)).

Plaintiff's UCL claim is based on violations of federal
statutes, namely, TILA and RESPA. Because the Court has
dismissed those federal claims, Plaintiff cannot sustain his UCL
claim. To the extent Plaintiff's UCL claim does not rely on
federal law, Plaintiff has failed to allege facts sufficient to
state a claim for a violation of UCL. <u>See</u> <u>Iqbal</u>, 129 S.Ct. 1937,
1949-50 (2009); <u>Twombly</u>, 550 U.S. at 570. Accordingly,
Plaintiff's UCL claim is dismissed with prejudice.


   3. <u>Breach of the Implied Covenant of Good Faith and Fair</u>
      <u>Dealing</u>

Plaintiff alleges Defendants breached the implied covenant
of good faith and fair dealing by failing to respond to
Plaintiff's QWR and by not rescinding Plaintiff's loan.

Under California law, every contract "imposes upon each
party a duty of good faith and fair dealing in its performance
and its enforcement." <u>McClain v. Octagon Plaza, L.L.C.</u>, 159
Cal.App.4th 784, 798, 71 Cal.Rptr.3d 885 (2008). However, "[t]he
covenant . . . cannot be endowed with an existence independent
of its contractual underpinnings. It cannot impose substantive

duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 349-350, 100 Cal.Rptr.2d 352 (1992)(citations and quotations omitted). "[T]he implied covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Carma Dev., Inc. v. Marathon Dev. Cal., 2 Cal. 4th 342, 373, 6 Cal.Rptr.2d 467 (1992)(citations omitted). Additionally, "tort recovery for breach of the covenant is available only in limited circumstances, generally involving a special relationship between the contracting parties . . . ." Bionghi v. Metro. Water Dist. of So. Cal., 70 Cal.App.4th 1358, 1370, 83 Cal.Rptr.2d 388 (1999). "California courts have rejected parties' arguments that the tort doctrine which has been extended only to situations where there are unique fiduciary-like relationships between the parties, should encompass normal commercial banking transactions." Connors v. Home Loan Corp., 2009 WL 1615989 at *6 (S.D. Cal. June 9, 2009)(internal brackets and quotations omitted).

Plaintiff alleges no facts demonstrating Defendant breached any "express covenants or promises of [a] contract." Carma Dev., 2 Cal.4th at 373, 6 Cal.Rptr.2d 467. Plaintiff's conclusory allegations that Defendants are subject to liability under the

covenant of good faith and fair dealing will not suffice to maintain a cause of action. See Flores v. GMAC Mort., 2010 WL 582115 (E.D. Cal. Feb. 11, 2010). Moreover, because the transaction between Plaintiff and Defendant involves a "normal commercial banking transaction," Plaintiff will be unable to allege facts giving rise to an action under the implied covenant of good faith and fair dealing. Therefore, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is dismissed with prejudice.

### 4. Wrongful Foreclosure

Plaintiff provides nothing more than one conclusory allegation that Defendants are liable for Wrongful Foreclosure because they "filed a Notice of Default (foreclosure) without ever responding to the [QWR]," to substantiate a claim against Defendants. See FAC ¶¶ 147-152. This is insufficient to state a claim against Defendants as plead in the FAC. See Twombly, 550 U.S. at 570.

Moreover, Plaintiff lacks standing to assert a claim for Wrongful Foreclosure, because the property has not been foreclosed upon. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009) (finding Plaintiff's wrongful foreclosure claim was "premature given there [had] been no foreclosure of the property"). Accordingly, Plaintiff's claim

for relief based on Wrongful Foreclosure is dismissed with prejudice.

    5. <u>Slander of Credit and Title</u>

    Plaintiff alleges that Defendants slandered his credit and property title by reporting negative statements about Plaintiff's creditworthiness and recording a notice of default.

    Recording a notice of default, however, is a privileged act. The mailing, publication, and delivery of notice as required by this section constitute privileged communications pursuant to Section 47, citing California Civil Code Section 2924(d)(1). Notice of default is required by Section 2924(a)(1) and (3), and, hence, it is privileged conduct under Civil Code Section 47. There is a split in authority as to whether the privilege is absolute or qualified for nonjudicial foreclosures. However, even if the privilege is only qualified, Plaintiff must show actual malice on the part of defendant in order to evade the qualified privilege, <u>Kachlon v. Markowitz, 168 Cal.App.4th 316 (2008)</u>, and Plaintiff has not done so in this case.

    Moreover, Plaintiff's allegations supporting both claims do not rise above the level of recitations of legal conclusions. <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009). Noticeably absent are any facts identifying what the allegedly damaging or false statements were, the parties to whom the

statements were made, what damage to Plaintiff's credit directly resulted from Defendant's statements, and whether Defendants acted with actual malice. <u>See</u>, <u>e.g.</u>, <u>Lal v. American Home Servicing</u>, 2010 WL 225524 at *5 (E.D. Cal. Jan. 19, 2010). Thus, Plaintiff's complaint does not state facts sufficient to maintain a claim for slander of credit or slander of title, and these claims are dismissed with prejudice.


                            III. ORDER

     For the reasons set forth above, Defendants' motion to dismiss is GRANTED, WITH PREJUDICE.

     IT IS SO ORDERED.

Dated:  March 30, 2010

                              _____
                              JOHN A. MENDEZ,
                              UNITED STATES DISTRICT JUDGE